# DEPARTMENT OF REVENUE
*v.*
# BEAR CREEK VALLEY SANITARY
# AUTHORITY

Ira W. Jones, Senior Assistant Attorney General, Salem, represented plaintiff.

Manville M. Heisel, Medford, represented defendant.

Decision on demurrer for plaintiff rendered October 26, 1978.

CARLISLE B. ROBERTS, Judge.

The plaintiff, acting under ORS 294.495 and 310.070 (relating to plaintiff's supervisory authority with respect to the Local Budget Law, ORS 294.305 to 294.520) has appealed to the Oregon Tax Court pursuant to ORS 294.485(2), seeking a determination that the defendant's tax levy for the 1978-1979 year, in respect of the tax proposed to be levied for the Bear Creek Valley Sanitary Authority interceptor general obligation bonds, is void because of defendant's failure to use all budget resources available to it in lieu of a levy of additional taxes. Plaintiff argues that the defendant is seeking, by indirection, to do an act which, under Local Budget Law, it is forbidden to do directly. The factual background can be found in the decision in *Bashaw et al v. Bear Creek Valley San. Author.,* 7 OTR 196 (1977) (appeal pending in the Oregon Supreme Court).

As stated in *Bashaw, supra,* at 198:

"The evidence shows that the Board of Directors of the defendant [Bear Creek Valley Sanitary Authority] had adopted and maintained a fiscal policy with respect to the Federal Water Quality Administration Grant WPC-ORE-279, implemented by its resolution No. 71-4, to provide for the promotion of efficiency and economy in expenditure of public funds, specifically (Def Ans 10):

" '(a) To combine a tax levy with an appropriation from said fund to achieve a relatively constant rate of levy, and

" '(b) To conserve a sufficient amount of grant funds from said fund to call the General Obligation Bond Issue of the Authority, dated February 10 [1?], 1970, at the earliest practicable date on or after February 1, 1980.' "

In *Bashaw,* the court noted that while the defendant's board of directors has the power and the duty to adopt and administer fiscal policies, the wisdom of such policies is not the question before the court if the Local Budget Law requires a budget and levy procedure contrary to the policy.

The *Bashaw* decision held that a fund established by defendant under its Resolution No. 71-4 contradicted the requirements of the Local Budget Law. Thereafter, the defendant's board sought to continue the policy of Resolution No. 71-4 by taking an action described in defendant's amended answer, paragraph III, at 2, in the present cause:

"That on June 21, 1978, at a regular meeting of the Board of Directors of Defendant, at which a quorum was present, the Board of Directors of Defendant duly adopted Resolution No. 78-10, establishing a Special Fund under the provisions of ORS 280.100 for the purpose of managing the balance of the Grant Funds received under Federal Water Quality Administration Grant No. WPC-ORE-279 for the payment, in whole or in part, of the principal and interest falling due on the BCI Bond Issue of February 1, 1970 of the Defendant and resolving to transfer the sum of $1,492,130.00 from Defendant's Debt Service Fund to the Reserve for BCI Bond Redemption Fund as of July 1, 1978."

Plaintiff has argued that ORS chapter 280 is not applicable under the facts in this case and that the determination of the court for the defendant's 1977-1978 fiscal year is equally applicable to the 1978-1979 year.

The pertinent parts of ORS 280.100, cited in the amended answer quoted above, read:

"Any * * * subdivision, by resolution, may establish a financial * * * special fund or funds for the purposes specified in ORS 280.050, without submitting the question to a vote of the electors, if the taxes levied or other funds used for the purpose of establishing the fund or funds are within the limitation imposed by section 11, Article XI, Oregon Constitution. The annual increments to such funds shall be limited to a period of not to exceed 10 years. * * *"

ORS 280.050, cited in the above quotation, provides that:

"Funds may be obtained as prescribed in ORS 280.040 to 280.140 for the purpose of *financing* the cost of any service, project, property or equipment which a subdivision has lawful power to perform, construct or acquire, and of repairs and improvements thereto and of maintenance and replacement thereof." (Emphasis supplied.)

■ The novel aspect of Or Laws 1945, ch 453 (now codified as ORS 280.040 to 280.140), which includes ORS 280.100, is the creation of the ten-year serial levy, on vote of the electors, which results in a levy "outside" the restrictions of the Oregon Constitution, Art XI, § 11. Most of the sections within ORS 280.040 to 280.140 relate to the serial levy and the necessary procedures relating to it. And then, in contrast to the use of a serial levy, the legislature inserted a section 5 (now codified as ORS 280.100) which says, in effect, that if the directors of the subdivision wish to carry out one of the programs envisioned in section 3 (ORS 280.050) without a vote of the electors, they may do so under ORS 280.100 by resolution if the project can be financed with funds available to the subdivision within the restrictions of Art XI, § 11. It appears to the court that this election is not available to the defendant under the facts of this suit.

■■■ Defendant's counsel has correctly observed (Def Memo in Opposition to Demurrer, 3) that there is no question as to the authority of the Bear Creek Valley Sanitary Authority to construct and

finance an interceptor sewer system. However, the word "financing" (the most significant word used in ORS 280.050 for the purposes of this suit) involves more than the sequestration of a gift or grant into a reserve fund. It connotes more than simply the face amount of a loan and includes an interest rate, the term, the rate of repayment and other necessary provisions and conditions and means a loan on terms that a borrower can repay. *Reese v. Walker,* 151 NE2d 605, 608 (Munic Ct. of Cincinnati, Ohio 1958). It involves the creation of a security interest. *Shelton v. Erwin,* 472 F2d 1118, 1120 (8th Cir 1973). Defendant's financing of the Bear Creek Sewer Interceptor System was accomplished through a vote of the interested electors and the issuance of general obligation bonds (referred to as "BCI bonds"). Because there was a complete financial structure initiated and approved in respect to the project, utilizing a statute separate and apart from ORS 280.100, it follows that the subsequent use of ORS 280.100, invoked by the defendant, must have some other purpose or reason. And, indeed it does. As shown by its language, Resolution No. 78-10 (which relies for its validity on ORS 280.100) has a purpose which does not involve the *financing* of the Bear Creek Sewer Interceptor System, but is an attempt to sequester grant funds received under the Federal Water Quality Administration Grant No. WPC-ORE-279 and to use these funds for the redemption of the BCI bond issue of February 1, 1970, under the policy of the defendant's board as expressed in *Bashaw, supra.* The board's policy is to redeem bonds and pay off principal and interest under a particular time scheme, not required by the terms of the Federal Water Quality Administration Grant. The board of directors seeks to levy a tax in 1978-1979 which could be paid fully from the "resource" of the granted funds held in reserve, in contravention of the Local Budget Law.

As noted above, ORS 280.100 requires that only moneys coming "within" the constitutional limitation

may be used for establishing the financial reserve or special fund permitted by ORS 280.100. As counsel for defendant has pointed out in defendant's memorandum, at 3, none of the tax levies of the sanitary authority for payment in whole or in part of the principal and interest on the 1970 general obligation bond issue is subject to the Oregon Constitution, Art XI, § 11 (*i.e.,* they lie "outside" the constitutional restrictions). Defendant's counsel further notes (Memo, 3) that no issue has been raised by the pleading in this matter as to whether the funds as transferred to the BCI bond redemption fund were within the limitation imposed by the constitution and then stipulates: "The purpose of the fund creation was expressly to enable the second phase of financing the interceptor sewer project." In the court's view, "the second phase of financing" is strictly a concept of the board of directors of the defendant and does not come within the meaning of the word "financing" as used in ORS 280.050.

The court concludes that the action of defendant's directors was in contravention of the Local Budget Law and was not within the intent of ORS 280.040-280.140; and, therefore,

IT IS ORDERED that plaintiff's demurrer to the defendant's affirmative defense should be and it is hereby sustained; and

IT IS FURTHER ORDERED that the following parts of defendant's Amended Answer are stricken: page 1, lines 20-26; all of pages 2 and 3; page 4, lines 1-11.